**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**WILLIE EARL CURRY**                                                   **PETITIONER**

**VS.**                            **CIVIL ACTION NO. 1:16-cv-146-GHD-DAS**

**JOSH DAVIES AND ALCORN
COUNTY CORRECTIONAL FACILITY**                               **RESPONDENTS**

## REPORT AND RECOMMENDATION

The undersigned has considered the respondents' motion to dismiss the petition for failure to exhaust state remedies [25]. The petitioner has responded, followed by respondents' reply, and this matter is ripe for review.

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>     (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>
>         (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509

(1982)). A finding of exhaustion requires the prisoner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518) (citations omitted).

Willie Earl Curry was convicted of attempt to exploit a vulnerable adult (Count I), conspiracy to exploit a vulnerable adult (Count II), and possession of hydrocodone with acetaminophen (Count III) in Madison County Circuit Court. He was sentenced as a habitual offender to ten years (Count I) and five years (Count II), to be served in the custody of the Mississippi Department of Corrections. As to Count III, Curry was sentenced to one year in the Madison County Jail. All sentences were to run consecutively. On October 15, 2013, the Mississippi Court of Appeals affirmed Curry's convictions and sentences. *See Curry v. State*, 131 So. 3d 1232 (Miss. Ct. App. 2013), *reh'g denied*, February 11, 2014.

In his response to the motion to dismiss, Curry "contends that the State Court(s) have wholly failed to address his claim of denial of due process from the Trial Court to the Supreme Court and that continual reference to the State Court for purposes of exhaustion is totally ineffective to protect his rights." However, as to his direct appeal, Curry did not file a petition for

a writ of certiorari to the Mississippi Supreme Court.[1] To date, he has no former or pending cases in the Mississippi Supreme Court.[2]

Curry argues the state courts have proved ineffective, thereby excusing his failure to exhaust state remedies. Yet, there is no doubt that Curry has failed to provide "the state's highest court" "a fair opportunity to pass upon the claim." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (citations omitted). Curry's claim—one of actual innocence and the serving of an illegal sentence—may be pursued in state post-conviction proceedings. *See Rowland v. State*, 98 So. 3d 1032, 1036 (Miss. 2012) (overruled on other grounds by *Carson v. State*, 212 So. 3d 22 (Miss. 2016)) (excepting from the three-year statute of limitations of Mississippi's Uniform Post-Conviction Collateral Relief Act claims of double jeopardy, illegal sentence, and denial of due process in sentencing).

The undersigned recommends that the petition be dismissed without prejudice for failure to exhaust state remedies. The undersigned further recommends that a certificate of appealability should not issue, finding that the petitioner has failed to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve issues in a different manner; or that the questions

---

[1] Nor was the issue Curry now raises presented to the Mississippi Court of Appeals in his direct appeal. Per Curry's response to the instant motion to dismiss, "The issue as to the substitution of the record of Willie Curry to support the amendment of 'Willie Earl Curry' as a habitual [offender] was never presented to the Court [of Appeals]." *See also Curry*, 131 So. 3d 1233-34.

[2] The undersigned takes judicial notice of the Mississippi Supreme Court's website, which shows no pending or former cases filed by Curry, other than his direct appeal to the Mississippi Court of Appeals. *See Overbey v. Miss. Dept. of Corrections*, 2017 WL 4274860, at * 3 n.3 (N.D. Miss. Sept. 26, 2017) (quoting *Hyder v. Quarterman*, 2007 WL 4300446, at *3 (S.D. Tex. Oct. 10, 2007) ("The Fifth Circuit has determined that courts may take judicial notice of governmental websites.") (collecting cases)).

are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1993) (superseded by statute) (citations and quotations omitted); 28 U.S.C. § 2253(1) and (2).

The parties are referred to 28 U.S.C. 636 (b)(1) and Local Rule 72 (a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court, absent plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

Respectfully submitted, this, the 27th day of March, 2018.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE